STATE of Missouri, Respondent,

v.

James E. SANDERSON, Jr., and Roger Alan Hubbard, Appellants.

Nos. WD 66509, WD 66510.

Missouri Court of Appeals,
Western District.

July 6, 2007.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 28, 2007.

Application for Transfer Denied
Oct. 30, 2007.

Jeremiah W. (Jay) Nixon, Atty. Gen., Daniel N. McPherson, Asst. Atty. Gen., Jefferson City, MO, for respondent.

James R. Wyrsch, J. Justin Johnston, and Charles M. Rogers, Kansas City, MO, for appellants.

Before SMART, P.J., and ELLIS and EDWIN H. SMITH, JJ.

Megan Ann Peterson.

## Order

PER CURIAM.

James E. Sanderson, Jr., and Roger A. Hubbard appeal from the judgment of the Circuit Court of Buchanan County convicting each of them of two counts of statutory sodomy in the first degree, in violation of § 566.062. As a result of their convictions, Sanderson was sentenced to consecutive prison terms of thirty years, and Hubbard was sentenced to consecutive prison terms of life in the Missouri Department of Corrections.

The appellants raise seven points on appeal. In Point I, they claim that the trial court plainly erred in failing to declare, *sua sponte*, a mistrial or, in the alternative, for overruling their motion for new trial, on the basis that jurors saw the appellants "restrained and in custody of the court bailiff on numerous occasions," because it violated their "rights to a fair trial, to a fair and impartial jury, to be presumed innocent, and to due process of law." In Point II, they claim that the trial court erred in sustaining the State's objections to their attempts to impeach K.M. on cross-examination for alleged inconsistencies between his testimony at the preliminary hearing and trial, concerning one of the dates he was allegedly sodomized, because the basis given by the court for doing so, that it must be done on proper impeachment grounds, directly resulted from there being no transcript of the preliminary hearing, which constituted a "fundamental defect in the proceedings ... creating a complete miscarriage of justice," which violated their rights "to due process of law, to subpoena witnesses, to confront and impeach witnesses, and to present a defense." In Point III, they claim that the "trial court committed plain error in not acquitting [them]" of all the charges against them because, to make a submissible case as to those charges, the State was required to present evidence that they had deviate sexual intercourse with K.M., and in doing so, it impermissibly relied solely on the uncorroborated testimony of K.M. In Point IV, they claim that the trial court erred in overruling their offer of proof concerning evidence of K.M.'s mother, C.W., and her boyfriend, M.B., having posted signs around their neighborhood, declaring that the appellants were child molesters, which was offered to impeach them, because the evidence was relevant and material to show the bias and prejudice of the witnesses against the appellants. In Point V, they claim that the trial court erred in overruling their objections to the admission of evidence that the appellants attempted to plant drugs in K.M.'s mother's home and that the appellants had committed other uncharged acts of sexual misconduct against K.M. because it "constituted improper character evidence." In Point VI, they claim that the trial court erred in allowing certain evidence during the penalty phase of the appellants' trial because it violated § 557.036.3. In Point VII, they claim the trial court plainly erred in giving Instruction Nos. 24 and 25, patterned after MAI–CR 3d 305.01 (1–1–05), the applicable instruction for the punishment phase of a bifurcated trial where the jury assesses and declares punishment, because they failed to instruct the jury in accordance with § 557.036.

We affirm pursuant to Rule 30.25(b).